238 P.2d 658]

[Civ. No. 18597. Second Dist., Div. Two. Dec. 17, 1951.]

THE STERLING COMPANY (a Corporation), Respondent,
v. NEAL GARRETT, Appellant.

Neal Garrett, in pro. per., for Appellant.

John F. Bender and Gizella M. Allen for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action for partition of a vacant lot (Lot 467, Tract No. 9088, in the city of Glendale), defendant appeals.

Plaintiff's predecessor in interest was the owner of a street improvement bond issued by the city treasurer of the city of Glendale on November 26, 1929. The bond was issued pursuant to the Improvement Act of 1911. Action to foreclose the bond was filed on May 23, 1935. A commissioner's sale after judgment rendered in the foreclosure action was held November 30, 1936, and a commissioner's deed was executed and delivered to plaintiff's predecessor in interest December 6, 1937. Plaintiff thereafter acquired title by mesne conveyances of record.

Taxes became delinquent on the property for the fiscal year 1933-1934, and because of such delinquency the property was sold to the state in the year 1934 and was deeded to the state July 1, 1939. On August 18, 1947, the state, by its deed and pursuant to chapter 7, part 6, division 1 of the Revenue and Taxation Code, conveyed the property to defendant Neal Garrett.

Defendant contends that the court erred in giving judgment to plaintiff for a partition for the reasons that: (a) de-

fendant's title is clear to the property; (b) there was no evidence before the court to show any right of a taxing agency existent on a parity with the title of the state before the property was conveyed to defendant; (c) the foreclosure of the bond lien was complete; and (d) the state was guilty of inexcusable delay in asserting its rights.

All contentions of defendant have been answered adversely to his position in *Monheit* v. *Cigna*, 28 Cal.2d 19, 20 et seq. [168 P.2d 965, 167 A.L.R. 995]; and *Elbert, Ltd.* v. *Nolan*, 32 Cal.2d 610, 611 et seq. [197 P.2d 537].

A mere reading of these cases demonstrates the fallacy of defendant's contentions and it would serve no useful purpose to here reiterate the reasoning of the cited decisions.

Affirmed.

Moore, P. J., concurred.

A petition for a rehearing was denied January 7, 1952, and appellant's petition for a hearing by the Supreme Court was denied February 14, 1952.